# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Sandra and Fred Seamans,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:13-0698** |
| v. | : | **(JUDGE MANNION)** |
| **Andrew B. Tramontana,** *et. al.* | : | |
| **Defendant** | : | |
| | : | |

## **MEMORANDUM**[1]

Presently before this court are the defendants' motions to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6), motion for a more definite statement pursuant to Fed. R. Civ. P. Rule 12(e), and motion to strike pursuant to Fed. R. Civ. P. Rule 12(f). (Doc. No. 7; Doc. No. 14).

## I. BACKGROUND

This case arises out of a car accident where the plaintiffs, Sandra and Fred Seamans, were rear-ended by a car driven by Defendant Andrew Tramontana. (Doc. No. 1, ¶18). Tramontana was working for Defendant

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Universal Technical Institute of Arizona, Inc. (Universal) at the time of the incident, while the car was owned by Defendant EAN Holdings, Inc. (EAN). (Id., ¶12-13).

On July 7, 2011 Defendant Tramontana, while working for Universal, was driving EAN's 2010 Ford Explorer south on Interstate 81 in New Milford, Pennsylvania. (Id., ¶16). The plaintiffs were driving their 2004 Mazda Tribute in front of Tramontana on the same road. (Id., ¶17). Plaintiff alleges that Defendant was speeding and following too closely. (Id., ¶30). Tramontana collided with the rear of the plaintiffs' car, causing it to spin out, finally coming to rest off the road to the right of the highway. (Id., ¶18). Both plaintiffs suffered various injuries from the accident that require ongoing treatment. (Doc. No. 1).

## II. PROCEDURAL HISTORY

This case was commenced on March 15, 2013, when the plaintiffs filed a complaint against the defendants. (Doc. No. 1). The complaint alleges nine claims, with three causes of action against each defendant for negligence, loss of consortium, and punitive damages. (Id.). Defendants EAN and Universal jointly filed a motion to strike, a motion for a more definite

statement, and a motion to dismiss on April 11, 2013. (Doc. No. 7).[2] They subsequently filed a brief in support of those motions on April 24, 2013. (Doc. No. 9). Defendant Tramontana filed a motion to strike, a motion for a more definite statement, and a motion to dismiss, (Doc. No. 14),[3] along with a brief in support of those motions, on May 28, 2013. (Doc. No. 15). The plaintiffs filed their briefs in opposition to the respective motions on May 8, 2013, (Doc. No. 11), and June 11, 2013. (Doc. No. 17).

## III.  STANDARD OF REVIEW

The defendants' motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and

---

[2]In discussing their motion for a more definite statement, Defendants EAN and Universal mistakenly cite Rule 12(a), which deals with the time to serve a responsive pleading, rather than Rule 12(e). They do, however, quote the language of Rule 12(e) relating to a motion for a more definite statement. The court will assume they are moving pursuant to the provisions of that rule.

[3]Defendant Tramontana, like Defendants Universal and EAN, also cites Rule 12(a), while quoting Rule 12(e), in his motion.

3

dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit

to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

The defendants cite several cases out of the Pennsylvania Court of Common Pleas that deal with preliminary objections to claims for punitive damages raised under Pa. R. C. P. 1019(a) and during motions for summary judgment.[4] Pennsylvania "is a fact pleading rather than a notice pleading jurisdiction." *Griffin v. Rent-A-Center*, 848 A.2d 393, 395 (Pa. Super. Ct. 2004). Unlike Pennsylvania State Courts, federal courts do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "[A] well-

---

[4]Needless to say, cases decided by the Court of Common Pleas are not precedential nor binding upon this court.

5

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Id.* at 556 (internal quotations omitted).

Rule 12(e) allows the court to order a more definite statement when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, without prejudice to itself." *Pozarlink v. Comelback Assoicates, Inc.*, 2012 WL 760582, *2 (M.D.Pa. March 8, 2012)(citations omitted).

Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This rule gives courts "considerable discretion in disposing of a motion to strike, . . . striking information from the pleadings is a 'drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.'" *Scottie v. USAA Casualty Insurance Co.*, No. 3:10 CV 1538, 2011 WL 616008, at *2 (M.D.Pa. Feb. 11, 2011) (quoting *DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D.Pa. 2007)). Allegations are scandalous if they "improperly cast[] a derogatory light on someone, most typically on a party to the action." *Zaloga v. Provident Life & Acc. Ins. Co. of America*, 671 F.Supp.2d 623, 633 (M.D.Pa. 2009).

Furthermore, "[s]candalous pleading must reflect cruelly upon the defendant's moral character, use repulsive language or detract from the dignity of the court." *Id.*

**IV.    DISCUSSION**

A. Rule 12(e) Motion for a More Definite Statement

First, the defendants move for a more definite pleading, specifically citing paragraphs 27(j), 27(k), 37(e), and 47(m). Three of the sections, 27(k), 37(e), and 47(m), have nearly identical language, claiming each defendant's negligence also consisted of other negligent and reckless acts "as discovery in this matter may determine." (Doc. No. 1). Paragraphs 27(k), 37(e), and 47(m), when read together with the allegations set forth in the prior and subsequent paragraphs, are sufficiently definite to preclude this court from requiring a more definite statement. Paragraph 27(j) alleges Defendant Tramontana's negligence included "failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinance of the Township of Fell, in and about operating his vehicle on the highways and roads of the Commonwealth of Pennsylvania." (Doc. No. 1). The plaintiffs cite various Pennsylvania statutes and regulations that the Defendant Tramontana

7

alegedely violated in the proceeding paragraphs lettered "a" through "I." Read in conjunction and as a whole, this complaint is a general claim for negligence based on an accident that occurred in Fells Township, Pennsylvania. Even after the changes instituted by [Ashcroft v. Iqbal, 556 U.S. 662 (2009)](#), the pleading must be so unintelligible that a court cannot determine one or more potentially valid claims on which a party may proceed to require a more definite statement. [Pozarlik, 2012 WL 760582](#) at *2. All the statements in the pleading are sufficiently clear and intelligible. The defendants will not be prejudiced by responding to these allegation. Granting the motions would not "circumscrib[e] the scope of discovery or defin[e] the issues" any more clearly. [Hick v. Arthur, 843 F.Supp. 949, 959 (E.D.Pa. 1994)](#). As such, the motions for a more definitive statement are DENIED.

### B. Rule 12(f) Motion to Strike

Defendant Universal seeks to have paragraph 47 of the complaint stricken in its entirety, arguing Defendant Universal "is a corporation and as such, could not have been driving the subject vehicle." (Doc. No. [7](#)). The plaintiffs allege that Defendant Tramontana was Universal's employee and acting within the scope of his employment at the time of the accident. (Doc.

No. 1, ¶12). "A claim of vicarious liability against a principal is indivisible and inseparable from the claim against the agent because the claim is based on one indivisible act of wrongdoing for which *both the principal and the agent are liable*." *Maloney v. Valley Medical Facilities, Inc.*, 984 A.2d 478, 491 (Pa. 2009)(emphasis added). Under a theory of vicarious liability, it is as if Defendant Universal was operating the vehicle and can be held liable for the actions of its employee. The motion to strike paragraph 47 is DENIED.

Defendants also move to strike paragraphs 30, 37, 40, 47, and 50 from the complaint, however, they do not articulate how the language or terms are scandalous or detract from the dignity of the court. (Doc. No. 7; Doc. No. 14). The court is not prepared to find the terms, including conduct that is described as "outrageous, willfully, wantonly, and reckless," scandalous, especially considering they are the terms used by the Supreme Court of Pennsylvania in the standards governing punitive damages. *See SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 ("Assessment of punitive damages are proper when a persons actions are of such an *outrageous* nature as to demonstrate intentional, *willful, wanton, or reckless* conduct." (emphasis added)). In this type of action, a prudent plaintiff would specifically include those terms to put the opposing party on notice of its theory of punitive

9

damages. The motion to strike is DENIED.

### C. Rule 12(b)(6) Motion to Dismiss

Finally, citing paragraphs 30, 40, and 50 of the complaint, the defendants alternatively argue that the court should dismiss the three claims for punitive damages pursuant to Rule 12(b)(6).

Pennsylvania law allows punitive damages when the defendant has an evil motive or reckless indifference to the rights of others. Punitive damages are available only when the "defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct." *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005)(quoting *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)). This type of damage is not compensatory in nature, but is meant "to heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious." *Phillips v. Cricket Lighters*, 883 A.2d 439, 446 (Pa. 2005). To establish a claim for punitive damages the evidence must be sufficient to show that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act . . . in conscious disregard of that risk." *Hutchinson,* 870 A.2d at 772. "[T]he determination of whether an individual was reckless

inherently involves a fact-finding inquiry." *Mulholland v. Gonzalez*, 2008 WL 5273588, \*3 (E.D. Pa. 2008).

*Burke v. Maassen*, 904 F.2d 178 (3d Cir. 1990), a case that reversed the denial of a judgment N.O.V. on punitive damages, is instructive. In *Burke*, the defendant was driving a tractor-trailer for over fourteen hours when he crashed into a man on the shoulder of the Pennsylvania Turnpike. 904 F.2d at 179. While the driver was aware he was violating a federal regulation prohibiting driving a truck for more than ten hours, he did not know the reasoning behind the regulation or the harm that it was meant to prevent. *Id.* at 183. The Third Circuit determined there was insufficient evidence from which a jury could find that the defendant-driver "appreciated the risk of fatigue and the potential for fatal accidents that [accompany] driving for more than ten hours." *Id.* The court noted that evidence of the defendants' knowledge, such as an acknowledgment that the rule was "to prevent fatigue and accidents" or that his employer told him the regulation was to prevent accidents caused by fatigue, could be sufficient to meet the plaintiff's burden. *Id.* at 183 fn.5. Although *Burke* discusses what evidence would sustain a jury verdict for punitive damages, it does not directly touch on what factual allegations are required for a claim to survive a motion to dismiss. *See* 904

11

F.2d at 183-84 ("The district court erred in denying Maassen's . . . [and] Malone's motion[s] for judgment N.O.V.").

The defendants point to several cased out of the Pennsylvania Court of Common Pleas to support their argument.[5] They cite *Leonard v. Schlabach*, Crawford County Docket No. A.A. 2012-172 (Pa. Ct. Comm. Pleas July 16, 2012), where that court struck claims for punitive damages finding the allegations of driving while on a cell phone, across a parking lot, and in an elevated truck with tinted windows were insufficient to establish outrageous or reckless conduct. The *Leonard* court noted there were no "additional indicators," such as driving while intoxicated, to show willful or wanton conduct. *Id.* at 9. (Doc. No. 9, Exh. 2). In *Sartorio v. Galletti*, Luzurne County Docket No. 6847 of 2008 (Pa. Ct. Comm. Pleas May 25, 2010), a motion for summary judgment was granted after discovery revealed a bus driver took his eyes of the road momentarily to check on a complaining child, causing an accident. These actions were not deemed to be sufficiently outrageous to trigger punitive damages. *Id.* (Doc. No. 9, Exh. 3). Finally, in *Calhoun v.*

---

[5] The cases are attached to Defendants Universal and EAN's brief in support of the instant motions before the court. (Doc. No. 9, Exh. 2-4). As noted earlier, these cases, while instructive, are neither precedential nor binding upon this court.

*Burns*, Lackawanna County Docket No. 2012-cv-2915 (Pa. Ct. Comm. Pleas February 26, 2012), preliminary objections were sustained when the only allegation as to punitive damages was that a bus driver was driving recklessly. (Doc. No. 9, Exh. 4).

These cases are difficult to apply to the case at hand. *Leonard* applied the more stringent fact-pleading standard of Pennsylvania. Moreover, there were no allegations regarding what the defendant knew or any conscious disregard of risk he appreciated while driving his car. *Calhoun* only contained an allegation of recklessness, without any factual claims regarding the defendant's mental state at the time of the accident. Finally, *Sartorio*'s posture was different as it was a motion for summary judgment, where the defendant's mental state could be evaluated through deposition testimony.

### 1. Defendant Tramontana

Turning to Defendant Tramontana, the plaintiffs allege that he "knew or should of known that operating without regard for the vehicles in front of him, driving at an unsafe speed for the conditions there present . . . and following too closely would result in serious injury to others driving on the roadway." (Doc. No. 1, ¶30). The plaintiffs then cite several state statutes related to

13

roadway safety: 75 Pa.C.S.A. §3310(a) restricts driving too close to other vehicles than "is reasonable and prudent;" 75 Pa.C.S.A. §3714[6] makes driving carelessly in "disregard for the safety of persons or property" a summary offense; 75 Pa.C.S.A. §3361 requires drivers to drive at a safe speed "that is reasonable and prudent under the conditions;" and 18 Pa.C.S.A. §2705 makes a person criminally liable "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." In sum, these statutes regulate the manner in which Pennsylvania drivers should operate their vehicles and creates appropriate criminal remedies for violations of those laws.

As in *Burke*, the question is whether the plaintiffs can substantiate their claim that Tramontana knew that driving too closely to other vehicles at an unsafe speed was in violation of the cited statutes, creating a substantial risk of an accident the statutes intended to prevent. 904 F.2d at 183. If Tramontana consciously appreciated the risk that the statutes were designed to avoid, namely accidents on state roads or highways caused by a speeding

---

[6] Plaintiff cites 75 Pa.C.S.A. §3714 in the claim for negligence against Defendant Tramontana, but then cites 75 Pa.C.S.A. §3715 in the claim for punitive damages against the same defendant. 75 Pa.C.S.A. §3715 was repealed in 2000, so this court will only consider 75 Pa.C.S.A. §3714 for both claims.

14

car driving too closely to other vehicles, and knowingly ignored that risk through his actions, then punitive damages might be appropriate. The defendants argue that the language peppered throughout the complaint sounds only in negligence. However "a plaintiff in a case sounding in negligence [may undertake] the additional burden of attempting to prove, as a matter of damages, that the defendant's conduct was . . . also outrageous, and warrants a response in the form of punitive damages." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 fn.7 (Pa. 2005)(quoting *Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005)). Given the allegations of what Tramontana knew at the time of the accident, further discovery is appropriate to determine, among other things, his mental state. As such, the motion is DENIED.

### 2. Defendant Universal

Although not explicitly raising each theory, it appears the plaintiffs are proceeding on theories of vicarious liability, (Doc. No. 1, ¶12), and direct liability, (Id., ¶50), against Defendant Universal. "Punitive damages may be awarded on the basis of vicarious liability. In Pennsylvania, there is no requirement that an agent commit a tortuous act at the direction of his principal, nor must the principal ratify the act, in order for punitive damages

15

to be imposed on him." *Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super Ct. 1998)(citations omitted). The plaintiffs claim Tramontana was acting as Universal's employee at the time of the accident. Therefore, Defendant Universal could be liable for punitive damages under vicarious liability. *See Brezenski v. Wold Truck Transfer, Inc.* 755 A.2d 36, 39 (Pa. Super. Ct. 2000) ("An employer is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of the employment.").

Turning to direct liability, the plaintiffs allege Defendant Universal knew or should have known that permitting Defendant Tramontana to operate a vehicle constituted a reckless indifference to the risk of injury. Specifically, they claim Defendant Universal knew of or should have known that Defendant Tramontana lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. They also allege Defendant Universal did not check whether he had the necessary ability to operate a car safely and did not train him on the safe operation of motor vehicles. (Doc. No. 1, ¶50). These allegations are sufficient to establish, if true, Defendant Universal entrusted a motor vehicle with a driver who was not adequately trained to drive, was aware of his poor driving

ability, allowed him to drive in the scope of his employment, and consciously ignored the risk of putting an unsafe driver on the road.

These allegations are sufficient to infer reckless conduct at this stage of the proceedings. Given that "[t]he state of mind of the actor is vital," *Hutchinson, 870 A.2d at 770*, and "[i]t would be premature to dismiss this claim when the complaint has alleged sufficient facts that, if proven, could establish the necessary recklessness for a punitive damages award." *LaMaze v. Vidov Trucking, Inc.,2009 WL 650371, *4 (E.D.Pa. 2009)*. The motion as related to Defendant Universal is DENIED.

### 3. Defendant EAN

The plaintiffs also appear to be proceeding under theories of vicarious and direct liability against Defendant EAN. (Doc. No. 1, ¶13, 15, 40). "Pennsylvania follows the common law rule that, absent an employer-employee relationship, an automobile's owner is not vicariously liable for the negligence of its driver." *Budget Rent-A-Car System, Inc. v. Chappell*, 407 F.3d 166, 171 (3d Cir. 2005)(citing *Solomon v. Commonwealth Trust Co.*, 100 A. 534, 535 (Pa. 1917)). There only allegation is that Defendant EAN owned the vehicle Tramontana was driving and permitted him to operate the car.

17

(Doc. No. 1, ¶13, 15). Therefore, any claim for punitive damages arising from vicarious liability for Tramontana's actions against Defendant EAN will be dismissed.

However, a direct claim of liability may still survive. The plaintiffs claim that Defendant EAN knew or should have known that permitting an unsafe driver to operate a motor vehicle constitutes a reckless disregard and placed the public at significant risk. Moreover, they claim that Defendant EAN entrusted the vehicle with Defendant Tramontana when Defendant EAN knew he lacked the skills necessary for safe driving and was not trained with how to operate a vehicle safely. They also claim Defendant EAN entrusted him with the vehicle without checking whether he could operate it safely. (Doc. No. 1, ¶40). The plaintiffs essentially claim that Defendant EAN handed over their vehicle to Defendant Tramontana. Moreover, they allege that Defendant EAN knew or should have known that he was an unsafe driver and presented a danger to the public. The plaintiffs contend Defendant EAN took no steps to verify his ability to safely drive a car and did not train him on roadway safety. (Doc. No. 1, ¶40). "Automobiles represent the most lethal and deadly weapons today entrusted to our citizenry." *Focht v. Rabada*, 268 A.2d 157, 161 (Pa. Super. Ct. 1970). Read in the light most favorable to the plaintiffs,

these allegations sufficiently establish that Defendant EAN knew the risk of harm to the public and acted or failed to act in conscious disregard of that risk, causing plaintiffs' injuries. Without discovery to either substantiate or refute these claims, this court can only accept plaintiffs' averments as true. Defendant EAN's motion to dismiss punitive damages under a theory of direct liability is DENIED.

Unlike *Leonard*, *Sontonio*, and *Calhoun*, the Pennsylvania cases relied upon by the defendants, the plaintiffs in this case make specific factual averments about the mental state of each Defendant. This court agrees that, like in *Sontonio*, it is insufficient to merely allege that the defendants were "reckless" with no other substantiating factual allegations or claims. "Although the facts may later prove at most that the defendants were merely negligent," the allegations and factual assertions regarding what the defendants knew or should have known at the time of the accident is sufficient to sustain the claim at this juncture. *Young v. Westfall,* 2007 WL 675182, *2 (M.D.Pa. 2007).

**V. Conclusion**

For the foregoing reasons, the defendants' motions for a more definite statement are **DENIED**. The defendants' motions to strike are **DENIED**.

Defendants Tramontana's and Universal's motions to dismiss are **DENIED**. Defendant EAN's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: October 22, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0698-01.wpd