UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA AND FRED SEAMANS,  :

      Plaintiffs  :  CIVIL ACTION NO. 3:13-0698

      v.  :  (JUDGE MANNION)

ANDREW B. TREMONTANA, *et. al.*,:

      Defendants  :

**MEMORANDUM**[1]

This case involves an accident between Sandra and Fred Seamans and Andrew Tramontana that occurred on Interstate 81. The accident left both plaintiffs with various injuries which are the subject of this suit. The central dispute is whether Mr. Tremontana was driving negligently and caused the accident. Presently, the case is scheduled for trial starting on September 8, 2014.

The parties have filed two motions in limine with regard to evidence they wish to exclude during trial. The plaintiffs seeks to exclude evidence of subsequent diagnosis and treatment for lesions on Mrs. Seamans's liver. They claim any evidence of this after-acquired condition is irrelevant to the case at hand. The court agrees and that motion will be **GRANTED**. The

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

defendants seek to exclude proposed expert testimony of a crash reconstructionist. They argue that the expert's testimony fails to meet the *Daubert* standard and usurps the role of the jury by placing the blame for the accident on Mr. Tremontana. The expert testimony meets the *Daubert* standard and does not interfere with the fact-finding role of the jury. The defendants' motion will be **DENIED**.

I. **BACKGROUND**

This case arises out of a car accident where the plaintiffs were rear-ended by Mr. Tramontana's 2010 Ford Explorer. (Doc. No. 1, ¶18). Mr. Tramontana was working for Defendant Universal Technical Institute of Arizona, Inc. (Universal) at the time of the incident. On July 7, 2011 Mr. Tramontana was driving south on Interstate 81 in New Milford, Pennsylvania. (Id., ¶16). The plaintiffs were driving their 2004 Mazda Tribute and merged onto the highway using the New Milford on-ramp just in front of Mr. Tremontana. (Id., ¶17).

A box truck in front of Mr. Tremontana swerved to avoid hitting the Seamans's car, but Mr. Tremontana was unable to avoid them. His Explorer then slammed into the rear of the plaintiffs' car, causing it to spin out, finally

coming to rest off the road to the right of the highway. (Id., ¶18). Both plaintiffs suffered various injuries from the accident that require ongoing treatment. (Doc. No. 1).

Three years after the accident occurred, Mrs. Seamans underwent an MRI that revealed two hepatic lesions on her liver. (Doc. 47). Those lesions have been treated at a local radiation oncology center. The defendants' medical expert does not make any mention of that treatment in his report or connect that diagnosis to any of her injuries allegedly originating from the accident at issue. (Id.). Her claims for damages in this case stem from various physical injuries including a concussion, visual migraines, pains in her neck, back, legs, shoulders, upper arms, and buttocks, and also fibromyalgia. (Doc. 1).

As this case proceeded toward trial, the plaintiffs commissioned a report from Frank Costanzo, a senior accident reconstructionist with Accident Cause & Analysis, LLC. (Doc. 51, Att. 1). In his report, Mr. Costanzo concludes that Mr. Tremontana was driving too close to the box truck in front of him, was unable to stop given his speed and the spacing, had sufficient time to change lanes prior to the accident, and would have had a clear line of sight had he not been too close to the box truck in front of him or had changed lanes. He

based these conclusions on his inspection of the scene of the crash, the depositions of the plaintiffs and Mr. Tremontana, the police reports, the photographs of the cars, his observations of the location of the accident, and several calculations taking into account speed and road conditions. His conclusions required him to determine how long it would take Mr. Tremontana to stop, how long it would take him to change lanes, and how his line of sight was limited based on how close he was to the car in front of him. (Id., p. 11-13). In sum, he found that Mr. Tremontana's driving was the cause of the accident.

## II. PROCEDURAL HISTORY

This case was commenced on March 15, 2013, when the plaintiffs filed a complaint against the defendants. (Doc. No. 1). After various claims and parties were dismissed and dispositive motions were completed, the case was set for trial on September 8, 2014. (Doc. 35). In anticipation of trial, the defendants filed a motion in limine and brief in support to strike the plaintiff's crash reconstructionist's expert report. (Doc. 45, 46). The plaintiffs filed their brief in opposition one week later. (Doc. 50, 51). The plaintiffs also filed a motion in limine and brief in support to exclude any evidence regarding Mrs.

Seamens's diagnosis and treatment for lesions on her liver. (Doc. 47; Doc. 48). The defendants have not filed a brief in opposition and have informed the court that they do not oppose the motion.[2] The motions are now ripe for the court's decision.

### III. STANDARD OF REVIEW

The plaintiff's motion presently at issue seeks to exclude evidence of the plaintiff's diagnosis and treatment for lesions on her liver as irrelevant. It is axiomatic that "irrelevant evidence is not admissible." Fed.R.Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed.R.Evid. 401. Even if evidence is relevant, the court can exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

The defendants' motion seeks to exclude expert testimony from an

---

[2]The court spoke with defendants' counsel, Michael J. Domanish, on August 28, 2014, and he indicated they did not oppose the plaintiffs' motion.

5

accident reconstructionist who would testify as an expert at trial. The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which requires an expert witness to have "specialized knowledge" regarding the area of testimony. The Third Circuit has explained, "The basis of this specialized knowledge can be practical experience as well as academic training and credentials," and "[w]e have interpreted the specialized knowledge requirement liberally." Betterbox Commc'ns Ltd. v. BB Techs., Inc., 300 F.3d 325, 327-28 (3d Cir. 2002) (internal citations omitted). The Federal Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Id. Moreover, Rule 702 "has a liberal policy of admissibility." Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir.1997) .

When faced with a proffer of expert testimony, the court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert, 509 U.S., at 592. The *Daubert* court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Id., at 597. The test of reliability is "flexible," and *Daubert*'s list of

specific factors - testing, peer review, error rates, and "acceptability" in the relevant scientific community - neither necessarily nor exclusively applies to all experts or in every case. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999).

In performing its gatekeeping function to determine whether an expert's report is relevant and reliable under *Daubert* and Rule 702, "the court is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein. . . . Determinations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert are within the sole province of the jury." Walker v. Gordon, 46 F. App'x 691, 695 (3d Cir. 2002) (citing Breidor v. Sears, Roebuck & Co., 722 F.2d 1134, 1138-39 (3d Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge.")).

**IV.   DISCUSSION**

The defendants have not filed a brief in opposition to the plaintiffs' motion to exclude the evidence of her liver lesions. Pursuant to Local Rule 7.6, "[a]ny party who fails [to file a brief in opposition] shall be deemed not to

oppose such motion." Given that the Mrs. Seamans does not allege any damages stemming from a liver condition caused by this accident and the defendants' expert medical report did not discuss the liver lesions as contributing to her injuries from this accident, they are not relevant to the injuries at issue here. As such, the plaintiffs' motion is **GRANTED** and that evidence will be excluded.

Next, the defendants' motion centers on whether the crash reconstructionist's report expounds on issues that "involve common knowledge and common sense" and can be understood by the jury without expert testimony. (Doc. 46, p. 4). The plaintiffs contend that his testimony is based on sufficiently reliable data and his conclusions will be helpful to the jury in determining whether Mr. Tremontana was driving too close to the car in front of him, could have changes lanes to clear his line of sight, and that his actions caused the accident. (Doc. 51, p. 4-5).

First, the defendants' admit that the reconstructionist "has obvious expertise in accident investigation and reconstruction." (Doc. 45, ¶11). Although the defendants object to both the reliability and the helpfulness of the reconstructionist's analysis and conclusions, the argument essentially raises one question: is the reconstructionist's testimony wholly based on

knowledge and common sense findings that could just as easily be made by the jury without his testimony?

An expert need only have "good" grounds for his opinion. The basis might be imperfect to such a degree that the court would find there is some different conclusion that has stronger evidentiary support, but that does not justify exclusion. In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 744 (3d Cir. 1994). In this case, the reconstructionist based his conclusion that Mr. Tremontana was driving too close to the box truck in front of him using a formula that calculated his stopping distance. He adopted Mr. Tremontana's claim that he was traveling 65 miles per hour and the roadway was dry. After doing his calculations, he found that Mr. Tremontana would have been able to stop his car in between 319 to 377 feet. (Doc. 51, Att. 1, p. 11-12). Given Mr. Tremontana estimated he had one car-length between his car and the plaintiff's car when the box truck in front of him moved out of the way, the reconstructionist concluded Mr. Tremontana did not have sufficient space to slow down to avoid the accident.

The average juror will not know how long it takes a vehicle to stop on a dry highway traveling at 65 miles per hour given that it requires special calculations that take into account speed, road conditions, and other factors.

The defendants do not challenge the basis of this equation or his findings with regard to stopping distance. As such, that testimony is admissible. It will be helpful in determining whether Mr. Tremontana maintained sufficient spacing between cars given his speed and the roadway conditions.

Further, the expert used a second equation to find that Mr. Tremontana could have changed lanes in approximately .17 seconds to clear his line of sight prior to the accident. This appears to be in response to the defendants' contention that Mr. Tremontana was faced with a "sudden emergency" that excused his actions. (Doc. 33, p. 9). The defendants also contend that Mr. Tremontana's view was blocked by the box truck in front of him. (Doc. 46, p. 4). Again, the reconstructionist's finding is based on Mr. Tremontana's admission that he was driving 65 miles per hour on a dry roadway. The reconstructionist's opinion is relevant to rebut the "sudden emergency" claim given he found that Mr. Tremontana had sufficient time to change lanes because he admitted there was no traffic in the lefthand lane, (Doc. 51, Att. 1, p. 11), and his view of traffic was impeded by the box truck in front of him. (Id.). The average juror will not know how long it takes to change lanes and this information is helpful to the jury's determination as to whether Mr. Tremontana's claim he faced a "sudden emergency" is valid. As such, his

testimony about the lane change is admissible.

Lastly, the defendants contend that the reconstructionist's opinion embraces the ultimate issue and usurps the role of the jury. Experts can provide an opinion about the ultimate issue in a case, but may not give an opinion tied to any legal conclusion, such as whether a defendant was negligent. Patrick v. Moorman, 536 Fed. App'x 255, 258 (3d Cir. 2013)(citing Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir.2006); United States v. Leo, 941 F.2d 181, 196–97 (3d Cir.1991)). Here, the expert opines that Mr. Tremontana's failure to maintain a safe distance between his car and the box truck in front of him and his failure to change lanes to clear his line of sight caused the accident. Given the above discussion, his opinion on this issue is admissible in so far as it draws a factual conclusion about the factors that caused the accident. He does not draw any legal conclusions or give an opinion directly finding that Mr. Tremontana was negligent. As such, his expert opinion is fully admissible.

## V. CONCLUSION

For the reasons discussed above, the defendants' motion to strike the expert report of the plaintiff's crash reconstructionist is **DENIED**. The plaintiff's

motion to exclude medical evidence about Mrs. Seamans' liver lesions is **GRANTED**. An appropriate order shall issue.

                                           s/ *Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**DATED: September 3, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0698-02.wpd